[No. 11424. Department Two. November 1, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v.
JOHN S. BEAUDIN, *Appellant*.[1]

CRIMINAL LAW—EVIDENCE—COMPLAINTS BY PROSECUTRIX—HEARSAY. Upon a trial for sodomy committed upon a child two and one-half years old, it is error, in admitting evidence that the child made complaints, to allow the witness to repeat the statements made by the child, there being no contention that they were part of the *res gestae*.

CRIMINAL LAW—EVIDENCE—EXPERTS — PHYSICAL CONDITION — REBUTTAL. Upon a trial for sodomy committed upon a child, after an expert had testified that the condition of the child's person shortly after the commission of the offense might have been the result of the acts charged, it is error to exclude the evidence of other experts as to what other causes might have produced the condition.

CRIMINAL LAW—TRIAL—PRESENCE OF ACCUSED. Under Rem. & Bal. Code, § 2145, providing that no person shall be tried unless personally present during the trial, it is error to give an instruction to the jury in the absence of the defendant; and the error is not cured by recalling the jury and repeating the instruction in his presence.

[1]Reported in 136 Pac. 137.

Appeal from a judgment of the superior court for Lewis county, Wright, J., entered April 1, 1913, upon a trial and conviction of sodomy. Reversed.

*J. H. Jahnke* and *Wesley Lloyd*, for appellant.

*C. D. Cunningham* and *H. E. Donahoe*, for respondent.

CROW, C. J.—The defendant was convicted of the crime of sodomy, alleged to have been committed upon the person of his daughter, a child two and one-half years of age, and has appealed from the judgment and sentence entered upon the verdict.

Appellant attacks the sufficiency of the information, and contends that the evidence was insufficient to sustain the verdict of the jury. Without stating the information or the evidence, we announce our conclusion that there is no merit in either contention.

The evidence is revolting, and will not be stated in this opinion further than is absolutely necessary. The state produced a witness who testified that, on certain occasions, after the alleged commission of the crime, the child made complaint, and further testified to statements which the child made to her. Error is assigned upon the court's refusal to exclude evidence of this character, further than a mere statement of the fact that the complaint had been made. This contention must be sustained. It was proper to permit the witness to testify that complaint had been made at or about the time of the alleged act, but it was error to permit the witness to repeat statements made to her by the child. To do so was an indirect method of introducing evidence which could not have been given by the child herself owing to her tender years, there being no contention that the remarks made by the child were any part of the *res gestae.*

The state introduced a witness showing the condition of the child's person shortly after the commission of the alleged offense, and also produced a physician, who, as a medical expert, testified that such a condition might have been

the result of acts constituting the crime with which appellant is charged. Thereafter, appellant produced another physician as a witness, who was asked what other causes, if any, would produce the condition to which the first physician had testified. Upon objection by counsel for the state, this evidence was excluded. In this, the trial court erred. It was competent for the physician to say what other causes could have produced the condition to which the state's witness had testified.

After the jury had been instructed, had retired to deliberate upon their verdict, and had deliberated about four hours, they returned into the court and requested the trial judge to give them further instructions upon one point in the case. Thereupon, the trial judge prepared and read to them a written instruction, doing so in the absence of appellant, who was confined in the county jail. Then after having observed appellant's absence, he recalled the jury and read the identical instruction which he had given during appellant's absence. The giving of an instruction in appellant's absence constituted prejudicial error which was not cured by the subsequent proceedings. Rem. & Bal. Code, § 2145 (P. C. 135 § 1181), provides that,

"No person prosecuted for an offense punishable by death, or by confinement in the penitentiary or in the county jail, shall be tried unless personally present during the trial."

The instruction given constituted a portion of the proceedings of the trial. In *Linbeck v. State*, 1 Wash. 336, 25 Pac. 452, the trial court, upon the request of the jury and in the defendant's absence, repeated certain instructions which he had theretofore given, and orally explained their meaning. This court held that the error thus committed was not cured by the fact that the defendant's attorney was present and made no objection. Respondent contends that the error, if any, was not prejudicial in that it was cured by recalling the jury and repeating the same instruction in the appellant's presence. Appellant does not personally know that the

instruction given in his presence was the identical one given in his absence, and he cannot be compelled to accept the certificate of the trial judge as to what transpired at the trial during his absence. In *State v. Wroth,* 15 Wash. 621, 47 Pac. 106, this court said:

"The law does not subject parties litigant to the disadvantage of being required to accept the statement of even the judge as to what occurs between himself and the jury at a place where the judge has no right to be and where litigants cannot be required to attend. It is the lawful right of a party to have his cause tried in open court, with opportunity to be present and heard in respect to everything transacted. It is his right to be present and attended by counsel whenever it is found necessary or desirable for the court to communicate with the jury, and he is not required to depend upon the memory or sense of fairness of the judge as to what occurs between the judge and jury at any time or place, when he has no lawful right to be present. His right in this respect goes to the very substance of trial by jury."

The judgment is reversed, and the cause is remanded for a new trial.

PARKER, MOUNT, and MORRIS, JJ., concur.