[No. 27696. Department Two. February 1, 1940.]

J. R. CISSNA, *as Guardian ad Litem of William Beaton, a Minor, Appellant,* v. MYRTLE B. BEATON, *as Executrix, Respondent.*[1]

[1]Reported in 98 P. (2d) 651.

*Cissna, Clifford & White, Wayne A. Wyman,* and *Leon L. Wolfstone,* for appellant.

*MacBride & Williams,* for respondent.

BEALS, J.—Plaintiff, J. R. Cissna, as guardian *ad litem* of William Beaton, a minor, filed before the superior court for King county his complaint in this action against Myrtle B. Beaton, as executrix of the estate of Orison Beaton, deceased. Plaintiff alleged his appointment as guardian *ad litem* of William Beaton, a minor, in a probate proceeding in the superior court for King county, entitled "In the Matter of the Estate of Orison Beaton, Deceased;" that defendant, Myrtle B. Beaton, was married to Orison Beaton, October 11, 1937, and after his death was appointed executrix of his estate; that plaintiff thereafter filed with the executrix a verified claim in the following form, which the executrix later rejected:

"The claimant, a son, by adoption, of the deceased, now living with his natural mother, Mrs. Dolores Connon (a daughter by adoption of the deceased) in the city of San Francisco, state of California, by reason of his relationship to deceased and by reason of his minority, is entitled to a reasonable and necessary sum for his support and maintenance while a minor, which is not less than the sum of Twenty-five Dollars ($25) per month, from the estate of deceased, from the date of the death of said deceased, and to an additional reasonable and necessary sum to provide for his education, which is not less than the sum of Seventy-five Dollars ($75) per month for a nine-month period in each of three years of his minority; that no part of same has been paid, except the sum of One Hundred and Fifty Dollars ($150) leaving a balance of Three Thousand, Five Hundred and Seventy-

five Dollars ($3,575) due and owing at the time of this claim.

"This claim is filed by one, J. R. Cissna, Guardian Ad Litem for and on behalf of William Beaton, his ward, who is a minor."

The complaint further alleged that the minor, William Beaton, was born May 15, 1923, and was legally adopted by the deceased, Orison Beaton, March 2, 1925; that, during his lifetime, Orison Beaton supported his adopted son, either as a member of his family or elsewhere; that neither the minor nor his mother, with whom he is living, has sufficient means to properly support and educate the minor; that the estate of Orison Beaton was appraised at over $6,700; and that the claim filed by plaintiff on behalf of the minor is reasonable in amount to insure the minor a proper education.

The complaint presents no question concerning any allowance for the minor's support from the estate of Orison Beaton pending administration.

The defendant demurred to the complaint upon all of the statutory grounds, and after argument, the superior court sustained this demurrer. Plaintiff having elected to stand upon his complaint, judgment was entered dismissing the action, from which plaintiff has appealed.

Error is assigned upon the entry of the order sustaining the demurrer, and upon the judgment of dismissal.

Appellant admits that, under the common law of England, a parent, during his lifetime, was under no legal obligation to support his child. The modern statutory trend has changed this harsh rule.

Appellant relies upon Rem. Rev. Stat., § 6906 [P. C. § 1431], which reads as follows:

"The expenses of the family and the education of the children are chargeable upon the property of both

husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

This section first appears in the Code of 1881, as § 2407, apparently having been enacted by the legislature as a part of that code.

Appellant also relies upon several decisions of this court, which we shall now consider.

In the case of *Stone v. Bayley*, 75 Wash. 184, 134 Pac. 820, 48 L. R. A. (N. S.) 429, this court held that a property settlement entered into between John W. and Luvilla J. Stone, in contemplation of a divorce, by the terms of which agreement Mr. Stone, *inter alia*, agreed to pay, for the support of the minor child of the parties, twenty-five dollars a month during the child's minority, payments to cease in case of the death of the child, formed a sufficient basis for a claim against Mr. Stone's estate. It was held that it appeared from the agreement that "it was the intention of the parties that the obligation of this contract should survive the husband's death during the life and minority of the child," the contract containing no suggestion that the obligation of the contract should be contingent upon Mr. Stone's survival. Other facts were considered, which, in the opinion of the court, supported this proposition. The court appropriately observed that, if a person "can by contract create a continuing debt in favor of strangers which would constitute a claim against his estate, then why not as in favor of his children?" In this connection, the court relied upon authorities to which it referred as supporting the conclusion reached by the court.

In the case of *Gainsburg v. Garbarsky*, 157 Wash. 537, 289 Pac. 1000, it was held that a claim against the estate of a deceased father, based upon a foreign judgment awarding support money for a minor child,

afforded an adequate basis for a judgment against the estate.

By the two decisions referred to, this court laid down the rule that claims against the estate of a deceased parent may be maintained, based either upon written contract or judgment, whereby the parent became obligated to pay money for the support of a minor child. These cases are not controlling here, as appellant relies neither upon a contract based upon a valid consideration, nor upon a judgment. Appellant's complaint simply alleges that Orison Beaton had, since October 11, 1937, paid twenty-five dollars per month on account of the support of his adopted son, and that, during his lifetime, Orison Beaton "did assure and agree and plan that the said William Beaton should attend college upon his graduation from high school."

From the fact that the complaint alleges that respondent was duly appointed executrix of the estate of Orison Beaton, it is apparent that Mr. Beaton left a will, but the terms of this will are nowhere referred to in the record.

Finally, appellant relies upon the case of *In re DeNisson*, 197 Wash. 265, 84 P. (2d) 1024. In this case, an order of the superior court, providing for the support of an aged and indigent husband out of the estate of his insane wife, was affirmed. This court quoted Rem. Rev. Stat., § 6906, *supra*, and held that the record supported the order of the superior court awarding a monthly allowance out of the wife's estate for the support of the husband. The case is not controlling here, as the wife was living, although incompetent. Manifestly, under the statute above referred to, persons furnishing necessaries for the support of the husband could have had recourse against the estate of the wife, the fact that the husband and wife were not cohabit-

ing being immaterial, so long as the marital relation existed.

Rem. Rev. Stat., § 1394 [P. C. § 10021] (Laws 1917, chapter 156, the "Probate Code," p. 649, § 24), reads as follows:

"Every person who shall have attained the age of majority, of sound mind, may by last will devise all his or her estate, real and personal."

By Rem. Rev. Stat., § 1402 [P. C. §10029], it is provided that, unless a child be "named or provided for" in the parent's will, the testator, as to such child, shall be deemed to die intestate. Under this section, the mere naming of a child in a parent's will is sufficient, even though the child be not otherwise recognized or provided for by the will. These statutes do not differentiate between minor children and those who have reached the age of majority. In the case of *In re Phillips' Estate,* 193 Wash. 194, 74 P. (2d) 1015, this court, considering the section last referred to, said:

"After all, it must be remembered that the right to dispose of one's property by will is not only a valuable right, but is one assured by law. [Citing authorities.]
"Rem. Rev. Stat., § 1394 [P. C. §10021], provides that every person who shall have attained the age of majority, of sound mind, may by last will devise all his or her estate. The right thus created, being free and unlimited, is not to be defeated nor restricted unless clearly so required by some other statute.
"The object of Rem. Rev. Stat., § 1402, and similar statutes is not to compel the testator to make any substantial provision for his children, but to provide a precautionary measure against the disinheritance of any such children through inadvertence of the testator at the time he makes his will."

A claim against the estate of a deceased person, to be enforceable, must be based upon some obligation recognized by law as valid. It is the duty of a hus-

band and father to support his wife and his minor children, but it cannot be held that these statutory obligations continue after death, in derogation of the right to make testamentary disposition of property. The consequences which would follow the adoption of the rule which appellant contends should be laid down, afford an interesting field of speculation.

Appellant has clearly presented his theory of the case, but the proposition which he advances finds no support either in the law of this state or our decided cases.

The judgment appealed from is affirmed.

BLAKE, C. J., STEINERT, GERAGHTY, and JEFFERS, JJ., concur.