[No. 34314.  Department One.  March 27, 1958.]

THE STATE OF WASHINGTON, *Appellant,* v. HOWARD H. BROWN, *Respondent.*[1]

*Paul Klasen,* for appellant.

*John Moberg,* for respondent.

*Charles O. Carroll, Eugene F. Hooper, Lynwood Fix,* and *Don W. Taylor, amici curiae.*

MALLERY, J.—The defendant, Howard H. Brown, married the complaining witness in February, 1945. A daughter, Deborah Jean, was born of the marriage in October, 1951. The parents were divorced in King county in February, 1955. The complaining witness was awarded custody of the child and granted an award for child support. In April, 1955, the complaining witness married Mr. Schwendeman and moved

[1] Reported in 323 P. (2d) 239.

to Grant county, where the child has been entirely supported by the new community, with the exception of thirty-five dollars paid in installments by the defendant during the period of October, November, and December, 1956.

In September, 1956, the defendant was cited into the non-support division of the King county prosecuting attorney's office to discuss the matter of the support of the child. On October 19, 1956, the complaining witness swore out a complaint, in the justice court of Grant county, charging the defendant with the crime of nonsupport under the provisions of RCW 26.20.030, Laws of 1955, chapter 249, § 1, p. 1025.

The defendant was arrested and admitted to bail. A hearing was held on January 4, 1957, in the justice court sitting as a committing magistrate. At that time, the defendant said he would be able to make monthly payments of sixty dollars for the child's support. The committing magistrate agreed that if the defendant commenced making monthly support payments in that amount the cause would be dismissed; otherwise, the defendant would be bound over to the superior court for trial.

No support money having been paid as promised, the matter was again set for hearing on March 7, 1957, before the committing magistrate, at which time the defendant was bound over to the superior court for trial. The cause was brought on for jury trial in the superior court on May 20, 1957, upon an amended information couched in the language of the statute.

In addition to the foregoing facts, the evidence showed that the complaining witness had no separate income; that the cost of supporting the child was ninety-eight dollars a month; and that the child was adequately supported solely from the income of the stepfather.

The trial court granted an order of dismissal at the close of the state's case, upon the ground that a *prima facie* case had not been made. This was predicated upon the state's failure to show that the child was in need because of a lack of food, clothing, shelter, or medical attendance. The state appeals.

The issue presented in this appeal is very narrow and relates only to the elements that constitute a *prima facie* case. It specifically does not involve instructions to the jury relating to the meaning of the words *wilfully* and *lawful excuse* as used in the statute.

The pertinent language of RCW 26.20.030, *supra,* which defines the crime charged, reads:

"(1) Every person who: . . .

"(b) Wilfully omits, without lawful excuse, to furnish *necessary* food, clothing, shelter, or medical attendance for his or her child or children or ward or wards; . . ." (Italics ours.)

The trial court held that the child must lack food, clothing, shelter, or medical attendance in order for them to be *necessary* under the purview of the statute. This is in accord with one of two lines of authorities interpreting similar statutes in other states. See, 131 A. L. R. 482.

■ We think the better reasoned line of authorities, however, is the one holding that the word *necessary*, as used in such statutes, relates to the minimum standard of the quality and quantity of food, clothing, shelter, and medical attendance that a parent is required by law to furnish a child.

Rules of syntax will not permit construing the word *necessary*, as used in the statute, as if it meant *necessitous*, and then relating it to the words *child or children* instead of the words "food, shelter, clothing, or medical attendance." The language of the statute is unambiguous and will not bear the construction put upon it.

■ Because of the stepfather's support, the child was not actually in need. The stepfather had no legal obligation to support the child, and the evidence did not show that he undertook or consented to relieve the defendant of his statutory duty to support the child so as to defeat the state's *prima facie* showing of a violation of the statute.

The judgment is reversed, and the cause is remanded for a new trial.

HILL, C. J., FINLEY, OTT, and FOSTER, JJ., concur.