[No. 34988. Department Two. January 28, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. EDGAR MERCY *et al., Appellants.*[1]

[1]Reported in 348 P. (2d) 978.

*J. Edmund Quigley*, for appellants.

*Charles O. Carroll* and *James D. Burns*, for respondent.

ROSELLINI, J.—The defendants were charged in superior court on three counts of petit larceny. A jury having been waived, the cause was tried to the court, which found both guilty on all three counts.

The significant findings are that the three prosecuting witnesses had gone to the defendant Mercy's place of business, a used-car lot, to inquire about the purchase of used cars; that in two instances, the prosecuting witnesses had been told that they would have to make a deposit to show their good faith, which deposit would be applied on the purchase price of the cars they had selected if their credit was approved, and that if it were not, the money would be refunded. They were given receipts which read: "Refundable with credit voucher only, no cash refunds." These witnesses were subsequently informed that their credit was not approved; and the return of their money was refused. The defendant Peterson, sales agent of the defendant Mercy, knew at the time he made the representation that the deposit would not be returned, and knew that it was the common practice of the concern not to return deposits but to insist that they be used on a less expensive car than that contracted for. The false representations that the witnesses' money would be returned were made for the purpose of in-

ducing them to part with their money. The witnesses believed these representations, relied upon them, and were thereby induced to part with their money.

The defendant Mercy knew and approved of the practice of false representations made by his employee Peterson, and these representations and the giving of receipts marked "no cash refunds" were part of a deliberate scheme and device developed by Mercy to trick and defraud customers of the used-car lot.[2]

The third prosecuting witness was induced to pay over a thirty-three-dollar deposit by the defendant's representation that it would be used as a down payment on a 1948 Cadillac sedan. The defendant Peterson knew at the time he made this representation that the witness' credit was not good, that he could not purchase the sedan, and that his money would not be refunded.

This representation, like the others, was made as a part of a deliberate scheme and device developed by Mercy to trick and defraud his customers.

 No error has been assigned to these findings. Findings of fact are necessary when a criminal case is tried to the court (*Seattle v. Silverman*, 35 Wn. (2d) 574, 214 P. (2d) 180); and where no error is assigned to the findings, they become the established facts of the case. *Lewis v. Scott*, 54 Wn. (2d) 851, 341 P. (2d) 488.

██ There is some contention made in the appellants' brief that the court erred in entering judgment without having entered its findings of fact and conclusions of law. However, an error of this type is curable by the subsequent entry of findings, conclusions, and judgment based thereon (*Bowman v. Webster*, 42 Wn. (2d) 129, 253 P. (2d) 934) and such corrective action was taken by the court in this instance. The appellants do not suggest that they were in any way prejudiced by the entry of the judgment before the findings and conclusions were signed.

---

[2]These findings are based upon the testimony of the prosecuting witnesses, four other witnesses (who related similar experiences in dealing with the defendants), and a former employee who gave evidence that the scheme was deliberate.

■ They do contend, since the prosecuting witnesses parted with their money willingly, that, under the provisions of RCW 9.54.120, there could be no larceny involved. This argument cannot be maintained. A false representation of a material fact, made for the purpose of inducing another to part with his property and with the intent to deprive him of his property, is inconsistent with any open and avowed claim of title preferred in good faith; and the defense allowed by RCW 9.54.120 is unavailable in a prosecution for obtaining money by false pretenses. *State v. Emerson*, 43 Wn. (2d) 5, 259 P. (2d) 406.

■ ■ The appellants do not contend that the representations made by Peterson were mere promises or opinions, nor could they successfully do so in view of the rule laid down by this court in *State v. Parkinson*, 181 Wash. 69, 41 P. (2d) 1095, and quoted with approval in *State v. Emerson, supra*:

"While the particular language used by one in a given instance may, under one set of circumstances, be expressive of an opinion only, it may, under another set of circumstances, be taken as an expression of fact. If a representation regarding one's authority or ability to accomplish a certain result be made by one who occupies, or claims to occupy, a position or relation which apparently enables him to dictate, control or effect such result, then such representation will be regarded as an expression of fact."

In *State v. Emerson, supra*, the defendant stated to the prosecuting witnesses, for whom he was contracting to build a house, that the architects' fee would be two hundred fifty dollars, when in fact he had an agreement with the architects for a fee of one hundred fifty dollars, which was the sum he later paid them, retaining the difference for his own use. This evidence, together with the evidence that the prosecuting witnesses relied on his representations, was held sufficient to convict him of grand larceny.

Here, the appellant Peterson impliedly represented to two of the prosecuting witnesses that he had authority to return their money and told them that it would be returned if their credit was not good. The third witness was

told that his deposit would be used as a down payment. In each instance, Peterson knew that the promised results would not be accomplished. Mercy knew of these practices, approved them, and in fact designed them, with the scheme in mind of appropriating his customers' money to his own use if their credit was not good for the automobiles they wished to purchase and they could not be persuaded to purchase a cheaper automobile. Even a mere promise when made for the purpose of deceiving and with no intention to perform, may constitute actionable fraud. *Lovell v. Dotson,* 128 Wash. 669, 223 Pac. 1061.

RCW 9.54.010, the statute under which these appellants were charged, provides:

"Every person who, with intent to deprive or defraud the owner thereof— . . .

"(2) Shall obtain from the owner . . . the possession of . . . any property, real or personal, by color or aid of . . . any fraudulent or false representation . . . or pretense . . .

" . . .

"Steals such property and shall be guilty of larceny."

■ The findings show that, pursuant to a deliberate scheme developed by the one appellant and carried out by the other to trick and defraud their customers, the appellants obtained property from the prosecuting witnesses under false representations and with a fraudulent intent.

The findings are sufficient to support the judgment, which is hereby affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.