[No. 36346.   Department Two.   December 20, 1962.]

THE STATE OF WASHINGTON, *Respondent*, v. BETTY MAE HELSEL, *Appellant.**

*Frank J. Ruff, Ruff, Otto & Potter*, and *John Paglia*, for appellant.

*John G. McCutcheon* and *James M. Healy, Jr.*, for respondent.

HUNTER, J.—This appeal results from a judgment of conviction of the crime of manslaughter, entered by the trial court sitting without a jury, under an information charging the defendant (appellant) with failing to perform her parental duties and thereby causing the death of her child.

Defendant's daughter, Debbie Jean Helsel, died of asphyxiation on September 9, 1961 when the oxygen in her bedroom, in which she was sleeping, was exhausted by a fire of unknown origin which started in the next room. Defendant lived alone with her three young children on the ground floor level of a home located in Tacoma. The upper level of the house was occupied by her landlord.

*Reported in 377 P. (2d) 408.

At 10 p.m. on the evening of her daughter's death, defendant was visited by two friends, a man and a woman, who, after socializing a few minutes, invited her to go downtown and spend the evening. Defendant, having put her children to bed, left them, without obtaining supervision except for the fact that her landlord lived upstairs, and went with her friends. During the evening, the defendant and her woman friend dropped into two taverns and visited with friends. She drank no alcohol beverages. She did not return home until 1 a.m., after the tragedy had occurred.

In defendant's absence, a fire started in her living room, presumably by a cigarette smoldering on the davenport. The fire was not discovered until it had burned for some period, during which time the bedroom door, beyond which the deceased child was sleeping but around which seepage of smoke occurred, remained shut. Defendant's children were pulled unconscious from the bedroom; her daughter died as a result of asphyxiation.

At the close of the state's evidence and upon defendant's motion to dismiss, the trial judge delivered his oral decision, stating that the state had proved its case to his satisfaction and that there was a causal connection between defendant's conduct and the child's death, contrary to defendant's contention. With the defendant standing on her motion, the trial court entered judgment against her, from which the defendant appeals assigning as error the state's failure to prove that she had proximately caused the death of her daughter.

The trial court made no findings of fact or conclusions of law as required by RCW 4.44.050, Rule of Pleading, Practice and Procedure 52.04W, RCW Vol. 0, and RCW 10.46.070 providing that, in criminal cases, the trial shall be conducted in the same manner as in civil actions.

This court should have the benefit of findings by the trial court, based upon all the evidence introduced, and also the court's conclusions of law. *Seattle v. Silverman,* 35 Wn. (2d) 574, 214 P. (2d) 180 (1950). We cannot consider this appeal since, without the findings of fact and

conclusions of law, the record of this case does not fully indicate the basis upon which the trial court entered its judgment.

The judgment appealed from is vacated, and the cause is remanded to the superior court for the making and entry of findings of fact and conclusions of law, and, based thereon, a judgment from which any aggrieved party may appeal.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.

February 4, 1963. Petition for rehearing denied.