[No. 38342.   Department One.   June 9, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. WAYNE RUSSELL, *Appellant*.*

*Reported in 415 P.2d 503.

*David A. Weyer* (of *Weyer, Sterne & Gaskill*), for appellant.

*Lincoln E. Shropshire* and *Walter B. Dauber*, for respondent.

REVELLE, J.†—Under RCW 26.20.030, defendant was charged with the felony of nonsupport of minor children under the age of 16 years. The seven specific elements of the crime charged are: (1) Wayne Russell; (2) between July 15, 1962 and February 18, 1963; (3) in Yakima County, Washington; (4) being the father of Linda born 1948, Gary born 1949, Gayle born 1951, Roger born 1953, Mark born 1955, Kathy born 1956, David born 1961, all children under age of 16 years; (5) then and there willfully, unlawfully and feloniously; (6) without lawful excuse; (7) did omit to furnish necessary food, clothing, shelter and medical attendance to said children.

Upon defendant's plea of not guilty and his waiver of jury trial, the cause was tried to the court March 25, 1964, resulting in entry of a document entitled "Judgment and Sentence and Order of Suspension."

No findings of fact or conclusions of law were presented or entered unless the following quotation, in part, of the judgment satisfied that requirement:

THAT WHEREAS, said defendant has been duly convicted in this court on March 25, 1964, of the crime of Non-Support, it is therefore,

ORDERED, ADJUDGED AND DECREED that the said defendant, WAYNE RUSSELL, is guilty of the crime of Non-Support.

IT IS THE FURTHER JUDGMENT OF THE COURT that the sentence of the said defendant, WAYNE RUSSELL, be, and it is

---

†Judge Revelle is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4 § 2(a) (amendment 38), state constitution.

hereby stayed and suspended during his good behavior and until the further order of the court . . . . upon terms and conditions of payment and probation.

■ Findings of fact and conclusions of law are required by RCW 4.44.050, Rule of Pleading, Practice and Procedure 52.04W, RCW vol. 0, and RCW 10.46.070, providing that, in criminal cases, the trial shall be conducted in the same manner as civil actions. *State v. Marchand,* 62 Wn.2d 767, 384 P.2d 865 (1963).[1]

The statements "has been duly convicted" and "is guilty of" used here do not meet the requirement of RCW 4.44.050 that the facts found and the conclusions of law shall be separately stated. In a criminal cause, the findings should at least treat with the elements of the crime separately, indicating the factual basis for each of these ultimate conclusions. An expression of this principle in a civil cause, equally applicable here, is found in *Groff v. Department of Labor & Indus.,* 65 Wn.2d 35, 40, 395 P.2d 633 (1964), where we said:

> It was pointed out in the first volume of the Washington reports,[2] that general findings such as "the matters and things set forth in the complaint are true," are "entirely insufficient" for an appellate review.
>
> While the degree of particularity required in findings of fact must necessarily be gauged by the case at hand, it should be sufficient to indicate the factual base for the ultimate conclusion. The Supreme Court of the United States has said,
>
> "The nature and degree of exactness of findings required depends on the circumstances of the particular case."[3]

---

[1] *Accord, State v. Helsel,* 61 Wn.2d 81, 377 P.2d 408 (1962); *State v. Bell,* 59 Wn.2d 338, 368 P.2d 177 (1962); *State v. Mercy,* 55 Wn.2d 530, 348 P.2d 978 (1960), holding also that where no error is assigned to the findings they become established facts, and entry of findings and conclusions subsequent to the judgment based thereon is approved; *Seattle v. Silverman,* 35 Wn.2d 574, 214 P.2d 180 (1950); *State v. Knudsen,* 154 Wash. 87, 280 Pac. 922 (1929).

[2] *Bard v. Kleeb,* 1 Wash. 370, 374, 25 Pac. 467, 468 (1890).

[3] *Kelley v. Everglades Drainage Dist.,* 319 U.S. 415, 419, 87 L. Ed. 1485, 63 Sup. Ct. 1141, 1143 (1943).

For an adequate appellate review in cases such as the one now before us, this court should have, from the trial court which has tried the case de novo, findings of fact (supplemented, if need be, by a memorandum decision or oral opinion) which show an understanding of the conflicting contentions and evidence, and a resolution of the material issues of fact that penetrates beneath the generality of ultimate conclusions, together with a knowledge of the standards applicable to the determination of those facts. (Footnotes omitted.)

Six months later, the plaintiff petitioned for an "order revoking order of suspension of sentence and for judgment imposing sentence." Defendant discharged his trial counsel and appeared with present counsel at a hearing where testimony was taken on whether defendant had willfully violated the order of March, 1964. Defendant urged at this hearing, in support of his motion to vacate judgment (and in his assignment of error here) that he was denied effective aid of counsel because of trial counsel's failure to investigate and prepare two claimed defenses: (1) Defendant and the mother of the children were never married; and (2) defendant's ability to support the children was not established.

Both of these assignments require a consideration on appeal of whether there is substantial evidence to support the findings of fact made by the trial court. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959). Rule on Appeal 43, RCW vol. 0, requires the challenged findings of fact to be set out verbatim in the brief. Neither of these necessities can be met in this case on the record before us.

For guidance of court and counsel upon remand, we can now consider the question of law raised by appellant to the effect that "an absolute defense to a charge of nonsupport under RCW 26.20.030" would be proof that the defendant father and the natural mother were not married.

This argument proceeds on two theories: (1) That the only method by which a putative unmarried father may be made responsible for support of his children is by filiation proceedings, RCW 26.24.010, *et seq.*, which must be com-

menced within 2 years after the birth of the child. RCW 26.24.160; and, (2) the language of RCW 26.20.030, *et seq.,* means that only fathers who have been married to the natural mother of his children can be found guilty of this crime.

■ The filiation argument is contrary to the specific provisions of RCW 26.24.100, which provides that filiation proceedings statutes do not prevent prosecution of any other criminal proceeding relating to support by parents or "other persons upon whom such children may be dependent." By this statute, filiation proceedings are not the only method by which a putative unmarried father may be made responsible for the support of his children. This may be proven in every cause where pertinent regardless of the existence of the filiation statutes.

■ With respect to the argument that RCW 26.20.030 language does not cover unmarried fathers, we are aware that some jurisdictions take this point of view[4] in considering the language of the particular statutes involved. An examination of these authorities discloses they are based on statutes different from ours or on a philosophy of protection of children more hampered by obstructing conditions than prevails in the state of Washington.

The emphasis of this state upon the welfare of children by enforcing support obligations becomes clear from the outline of some of the various separate support enforcement procedures available to the prosecuting attorney on behalf of the state:

1. *Divorce, Annulment and Separate Maintenance,* RCW 26.08:

a. By RCW 26.08.080, the prosecuting attorney appears as a party to every divorce action at the onset on behalf of the state, with right of appeal. He can enforce RCW 26.08. *et seq.,* with leave of court in the divorce action as can any

---

[4]See Annotation 99 A.L.R.2d 746, Application, to illegitimate children, of criminal statutes relating to abandonment, neglect and nonsupport of children.

other party with interest in the support of children before or after the decree.[5]

b. Criminal contempt instituted by the prosecuting attorney also lies.[6]

c. RCW 26.12.200 and 26.12.210 imply that the prosecuting attorney continues for the state as a party in family court in a transferred divorce cause.

2. *Family Desertion*, RCW 26.20:

a. By RCW 26.20.030 involved in this case, the prosecuting attorney may bring an information charging a crime, either felony or misdemeanor, against *every person* who deserts and abandons a child dependent upon him for support or willfully omits to furnish specific necessaries for his or her child or ward.[7] RCW 26.20.050 provides alternative

---

[5]*Heney v. Heney*, 24 Wn.2d 445, 449, 165 P.2d 864 (1946) (whether legitimate or illegitimate children); *Corson v. Corson*, 46 Wn.2d 611, 283 P.2d 673 (1955) (petition to modify divorce decree); *Decker v. Decker*, 52 Wn.2d 456, 326 P.2d 332 (1958); *Chamberlin v. Chamberlin*, 44 Wn.2d 689, 270 P.2d 464, 68 A.L.R.2d 457 (1954).

[6]*Keller v. Keller*, 52 Wn.2d 84, 323 P.2d 231 (1958).

[7]RCW 26.20.030: "(1) Every person who:

"(a) Has a child dependent upon him or her for care, education or support and deserts such child in any manner whatever with intent to abandon it; or

"(b) Wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children or ward or wards; or

"(c) Has sufficient ability to provide for his wife's support or is able to earn the means for his wife's support and wilfully abandons and leaves her in a destitute condition; or who refuses or neglects to provide his wife with necessary food, clothing, shelter, or medical attendance, unless by her misconduct he is justified in abandoning her, shall be guilty of the crime of family desertion or nonsupport.

"(2) When children are involved under the age of sixteen years, such act shall be a felony and punished by imprisonment in the state penitentiary for not more than twenty years or by imprisonment in the county jail for not more than one year or by fine of not more than one thousand dollars or by both fine and imprisonment.

"(3) When there is no child under sixteen years, such act shall be a gross misdemeanor and shall be punished by imprisonment in the county jail for not more than one year or by fine of not more than one thousand dollars, or by both fine and imprisonment."

remedies to the ordinary consequences of a conviction for a felony or misdemeanor.[8]

b. RCW 26.20.080 provides that proof of desertion, nonsupport or omission to furnish necessities is prima facie evidence that such was willful.

c. The provisions of RCW 26.20.030 are applicable whether the parents of such child are married or divorced and regardless of any decree in a divorce action. RCW 26.20.080.

3. *Uniform Reciprocal Enforcement of Support Act.* RCW 26.21:

a. By RCW 26.21.080, the prosecuting attorney may enforce support irrespective of relationship between the person owing duty to support and person to whom duty of support is owed, and, by RCW 26.21.030, he may institute proceedings, regardless of whether the duty of support arose in this state or elsewhere.

b. These proceedings result in extradition or order of support and subjecting of defendant's property to the obligation[9] enforceable by contempt of court with recognizance or by execution of judgment.[10]

c. These remedies under this act are specifically in addition to any other remedies to enforce support. RCW 26.21.020.

In considering some of these specific provisions of statute concerning the duty of support, this court has declared:

1. In a probate matter "that, under the common law of England, a parent, during his lifetime, was under no legal obligation to support his child. The modern statutory trend has changed this harsh rule." *Cissna v. Beaton*, 2 Wn.2d 491, 493, 98 P.2d 651 (1940).

2. By *In re Hudson*, 13 Wn.2d 673, 693, 126 P.2d 765 (1942), we said that parents are under obligation to

---

[8]Alternative remedies are (1) fine payable to custodian of child, (2) payment of support in installments to custodian secured by recognizance, (3) enforced labor on county roads with pay given to custodian of children, (4) powers of execution and garnishment against debtors and bailees of defendant. RCW 26.20.050.

[9]RCW 26.21.120.

[10]RCW 26.21.140.

provide their minor children with necessities of life as a "principle of natural law."

3. A husband stands in loco parentis to illegitimate child of wife where he treats child as his and is bound to support and educate the child until the relationship is dissolved at will by either the parent or child. *Taylor v. Taylor,* 58 Wn.2d 510, 364 P.2d 444 (1961).

4. The legal duty of a parent to support his normal children ceases at age of majority, but if any of them are so defective as to be incapable of self-support, he owes a continuing obligation of support as long as it is necessary. This obligation is one created at common law. It is enforceable in some other proceeding than the divorce action previously otherwise concluded. *Van Tinker v. Van Tinker,* 38 Wn.2d 390, 229 P.2d 333 (1951).

5. "Necessary" in RCW 26.20.030 does not mean "necessitous" or that the child be actually in need. *State v. Brown,* 52 Wn.2d 92, 323 P.2d 239 (1958).

6. "[U]nder RCW . . . 26.20.030, either parent may be punished in a criminal action for desertion of, or for failure to support, his or her dependent children." *Scott v. Holcomb,* 49 Wn.2d 387, 393, 301 P.2d 1068 (1956).

It follows that, by the language of the statutes,[11] by the policy of the law as declared by this court and by the demonstrated concern of this state in the protection of children, we do not recognize, except in divorce causes, that marriage is a necessity to proceeding against a parent or any other person who has a duty to support a child or ward. Proof in this cause that defendant is the natural father of one or more children under the age of 16, regardless of his marital status past, present or future, is all that is required to constitute element of crime (4), *supra.*

From what we have said above, it follows that the documents entitled Judgment and Sentence and Order of Suspension (signed March 25, 1964), and Order Denying Motion to Vacate Judgment (signed May 17, 1965), must be vacated, and the cause is remanded to the superior court for the

---

[11]See footnote 7, *supra.*

making and entering of findings of fact and conclusions of law and, based thereon, a judgment and sentence in accordance with RCW 26.20.030, or alternative remedies to enforce support under RCW 26.20.050, or other disposition the facts and law may then require consistent with this opinion. Any aggrieved party may appeal from the disposition so made.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.