[No. 38821.    Department Two.    March 2, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM ALYN WILKS, *Appellant.*[*]

[*]Reported in 424 P.2d 663.

*Stern, Gayton, Neubauer & Brucker,* by *Thomas H. S. Brucker* (Appointed counsel for appeal.), for appellant.

*Charles O. Carroll* and *Stephen R. Schaefer,* for respondent.

PER CURIAM—This is an appeal from a judgment and sentence entered by the trial court after finding appellant guilty of the crimes of burglary in the second degree and grand larceny. Appellant, in open court, waived his right to a jury trial, and the case was tried to the court.

Appellant's sole contention is that the trial court committed reversible error by refusing to stay proceedings pending a determination of appellant's competence to stand trial, *i.e.* whether at the time of the trial appellant sufficiently appreciated his peril and could rationally assist in his own defense.

Appellant moved prior to trial, at the trial, and at the conclusion of the state's case for a stay of the proceedings. Again, at the time of the imposition of sentence, a similar motion was denied, although evidence had been presented in support of appellant's claim of incompetence to stand trial for the reason stated. No evidence was presented by the state on this issue.

In *Pate v. Robinson,* 383 U.S. 375, 385, 15 L. Ed. 2d 815, 86 Sup. Ct. 836 (1966), the United States Supreme Court stated:

Where the evidence raises a *"bona fide* doubt" as to a defendant's competence to stand trial, the judge on his own motion must . . . conduct a sanity hearing pursuant to . . . [statute and citation]. The Supreme Court of Illinois held that the evidence here was not sufficient to require a hearing in light of the mental alertness and understanding displayed in Robinson's "colloquies" with the trial judge [citation]. But this reasoning offers no justification for ignoring the uncontradicted testimony of Robinson's history of pronounced irrational behavior. While Robinson's demeanor at trial might be

relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue.

That court concluded that Robinson's constitutional rights under the Fourteenth Amendment were abridged by his failure to receive an adequate hearing on the issue of his competency to stand trial.

Appellant also made a motion to suppress his ' alleged written confession pursuant to Rule of Pleading, Practice and Procedure 101.20W.

At the close of the evidence, the trial court rendered an oral opinion in which it stated its reasons for denying both motions and specified therein certain oral findings.

■ The record contains no written findings by the trial court. In such case it is the duty of counsel for the prevailing party to propose such findings. Our Rule of Pleading, Practice and Procedure 52.04W and Rule 101.20W require them.

In *State v. Russell*, 68 Wn.2d 748, 750, 415 P.2d 503 (1966), this court stated:

Findings of fact and conclusions of law are required by RCW 4.44.050, Rule of Pleading, Practice and Procedure 52.04W, RCW vol. 0, and RCW 10.46.070, providing that, in criminal cases, the trial shall be conducted in the same manner as civil actions. *State v. Marchand,* 62 Wn.2d 767, 384 P.2d 865 (1963).

The statements "has been duly convicted" and "is guilty of" used here do not meet the requirement of RCW 4.44.050 that the facts found and the conclusions of law shall be separately stated. In a criminal cause, the findings should at least treat with the elements of the crime separately, indicating the factual basis for each of these ultimate conclusions. (Footnote omitted.)[1]

This court finds itself in the same position as in *State v. Russell, supra,* namely that we cannot consider the merits

---

[1]Accord, *State v. Wood,* 68 Wn.2d 303, 412 P.2d 779 (1966); *State v. Helsel,* 61 Wn.2d 81, 377 P.2d 408 (1962); *State v. Bell,* 59 Wn.2d 338, 368 P.2d 177 (1962); *State v. Mercy,* 55 Wn.2d 530, 348 P.2d 978 (1960); *Seattle v. Silverman,* 35 Wn.2d 574, 214 P.2d 180 (1950); *State v. Knudsen,* 154 Wash. 87, 280 Pac. 922 (1929).

of the appeal because the record contains no findings of fact relating to the issues involved herein.

■ As we said in *State v. Mallory*, 69 Wn.2d 532, 533, 419 P.2d 324 (1966):

> Appellants, in their arguments in support of their appeal, refer to the oral opinion and the memorandum opinion of the trial court. These may be considered in interpreting the findings of fact and conclusions of law, but they cannot be considered as the basis for the trial court's judgment and sentence. A trial court's oral or memorandum opinion is no more than an expression of its informal opinion at the time it is rendered. It has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment. See *Ferree v. Doric Co.*, 62 Wn.2d 561, 383 P.2d 900 (1963); *Clifford v. State*, 20 Wn.2d 527, 148 P.2d 302 (1944).

Accordingly, the judgment and sentence is vacated and the case is remanded to the trial court for the entry of findings of fact and conclusions of law with respect to all issues raised by appellant on this appeal, *i.e.* his competency to stand trial, the voluntariness of his confession, and his guilt or innocence of the crime charged. The trial court may, in its discretion, receive such additional material evidence relative to these issues as either party may present and shall enter such orders or judgment and sentence based thereon as it shall deem appropriate. Either party who considers himself aggrieved thereby may appeal therefrom.

It is so ordered.