[No. 39663.    Department One.    October 10, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD
LOUNSBERY, *Appellant.*\*

*Victor V. Hoff* ( of *Young & Hoff*), for appellant.

*Charles O. Carroll, William L. Dowell,* and *Edmund P.
Allen,* for respondent.

\*Reported in 445 P.2d 1017.

ROSELLINI, J.—In this prosecution for carnal knowledge and indecent liberties, the defendant was found guilty by the court, which heard the testimony of the victim (who was the defendant's 5-year-old stepdaughter) but struck that testimony and based its findings on the remaining evidence, which was largely circumstantial. The defendant contends it was insufficient to sustain the findings.

According to the defendant, the evidence other than the testimony of the child (which the court decided to disregard because the child did not understand the nature of an oath) was (1) on two occasions the alleged victim made complaint to her mother, (2) after the first complaint the mother told the defendant that he would have to see a psychologist or she would leave him, and he did, and (3) that when the second complaint was made the child had a small cut and bruise in the area of her vagina and was bleeding.

The prosecutor points out, however, that the evidence was not quite as meager as the defendant suggests. Our examination of the record confirms his contention that it shows that the defendant twice was the cause of complaint by the victim; that both complaints resulted from the defendant's conduct with the victim in his bed; when the second complaint was made the victim was revealed to have a laceration and a bruised area which a doctor who examined her testified could have been caused by the attempted insertion of a penis; that the victim's mother confronted the defendant with her accusation the first time and he did not deny it; that he did see a psychologist, and then after a few visits complained that it was interfering with his work and said, "I make one mistake and I am being crucified for it."

The record shows that, on the day the second complaint was made, the victim's mother left the defendant and shortly thereafter began proceedings which culminated in a divorce. In addition, the record is devoid of any evidence tending to support any theory under which the victim could have received her injuries, other than the theory that they were inflicted by the defendant.

Contention is made that the evidence that the victim complained on two occasions is of no probative value. The rule, the defendant says, is that evidence of complaint is admissible only to support the credibility of the complaining witness, and since the trial court struck the testimony of the complaining witness in this case, the evidence of complaints was not admissible for any purpose. This may be conceded to be the rule in the ordinary case. However, as the prosecutor points out, we have held that it is proper to permit a witness to testify that a child-made complaint, even though the child is too young to be a competent witness, and if the complaint is a part of the res gestae, the witness may repeat the details of the complaint. *State v. Beaudin,* 76 Wash. 306, 136 Pac. 137 (1913). That case was questioned in a footnote in an article, C. Stafford, *The Child As Witness,* 37 Wash. L. Rev. 303 (1962), on the theory that if the child is not competent as a witness, evidence of a complaint made by the child is also not competent.[1]

We need not examine that theory here, nor need we reaffirm the holding of *State v. Beaudin, supra.* The fact is that the evidence of complaints was before the court, and there was no motion to strike this evidence, apart from a motion directed to all of the testimony of the mother on another ground, which we will discuss later. The defendant tacitly concedes that the evidence was in, for whatever probative value it might have, but contends that it had none.

We think, however, that the evidence of the complaint showed the basis upon which the mother confronted the defendant on the first occasion, and for this purpose the fact that, at that point in time, it could not be known whether the complaint sprang from fact or fancy, is immaterial. The incriminating evidence is that of the defendant's reaction to the confrontation. He did not deny the accusation; he did visit a psychologist as the mother testified she

---

[1]*But see* 6 Wigmore § 1761 (3d ed. 1940), criticizing such limitations on children's testimony.

told him he would have to do, and he did complain that he was being persecuted for making "one mistake."

■ When a statement is made in the presence and hearing of one who is later charged with a crime, the statement being accusatory or incriminating in character, and the statement is not denied by him, both the statement and the reactions thereto are admissible at the trial as evidence of the defendant's acquiescence in the truth of the statements. *State v. Studebaker*, 67 Wn.2d 980, 410 P.2d 913 (1966); *State v. Bauers*, 25 Wn.2d 825, 172 P.2d 279 (1946).

The evidence of the second complaint offered a possible explanation of her injuries (she was bleeding from a fresh cut and was bruised) and no other possible explanation was offered. The complaint and the injuries were the reasons why the mother immediately took her children and left the home. It is unrealistic to say that it had no probative value. Whether or not the trial court was correct in excluding the child's testimony on the technical ground that she could not grasp the meaning of the word "oath," the fact that the mother evidently believed the child when she made the complaints tends to prove that it was not fictitious.

■ There was other consistent evidence which we need not detail here. From these circumstances alone, and the fact that there was no evidence tending to negative the natural inferences to be drawn from them, the trial court could infer that the alleged acts of carnal knowledge and indecent liberties had occurred and that they had been intentional. The question whether or not the circumstantial evidence tending to link a defendant with the crime excludes beyond a reasonable doubt every reasonable hypothesis other than the defendant's guilt is for the trier of the facts. *State v. James*, 58 Wn.2d 383, 363 P.2d 116 (1961).

The theory upon which the defendant objected to the reception of testimony by the mother and also moved to strike it, was that such testimony was privileged. The defendant acknowledges that RCW 5.60.060(1) would permit such testimony if he were the natural father or the legal

guardian of the victim, but he contends that the language of that statute is not broad enough to include a stepfather. It reads:

> A husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor can either during marriage or afterward, be without the consent of the other, examined as to any communication made by one to the other during marriage. But this exception shall not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other, *nor to a criminal action or proceeding for a crime committed by said husband or wife against any child of whom said husband or wife is the parent or guardian.* (Italics ours.)

■ An examination of the stated purpose of the act which amended RCW 5.60.060(1) to make it possible for a parent to testify against his spouse in cases of child abuse (to be found in RCW 26.44.010) shows that the legislature's purpose was to facilitate the disclosure of abuses of children, so that the offenders might be punished and the children protected from further mistreatment. It would be a frustration of this purpose to hold that the word "parent," as it is used in the section in question, means only a natural or an adoptive parent. According to Merriam-Webster Third International Dictionary (1964), a parent is anyone standing in loco parentis, that is, in the relationship of parent, and includes a stepparent.

While the word parent may not be used with this broad meaning in every legislative act in which it appears, we think it clear that it was intended to have a broad meaning in this context. It would be unreasonable in the extreme to suppose that the legislature intended to afford to stepparents an immunity from disclosure of their acts of cruelty and abuse by the witnesses most likely to observe them, while at the same time denying that immunity to natural parents. We hold that the word parent, as used in RCW 5.60.060(1) includes stepparent. The trial court correctly refused to strike the testimony of the mother.

It is the defendant's final contention that the amendatory act which removed the husband-wife privilege in cases of this kind violates Const. art. 2, § 19, which provides:

No bill shall embrace more than one subject, and that shall be expressed in the title.

The title of the act, which is chapter 13, Laws of 1965, reads:

AN ACT relating to health and welfare of children and authorizing the reporting by practitioners of the healing arts of suspected cases of child abuse or neglect; and amending section 392, Code of 1881, and RCW 5.60.060; and declaring an emergency.

The defendant cites *State ex rel. Seattle Elec. Co. v. Superior Court,* 28 Wash. 317, 68 Pac. 957 (1902), which he argues supports his contention that the title of this act is not broad enough to include a provision making a spouse competent to testify in cases of child abuse. In that case, the title did not describe the subject matter of the act at all, but merely stated that it was enacted to amend a section of Ballinger's Annotated Code. Another case cited in support of the defendant's theory is *Blalock v. Condon,* 51 Wash. 604, 99 Pac. 733 (1909). The title of the act there in question specified that it pertained to actions by or for the benefit of the state or its municipalities. This court held this title was too narrow to embrace a provision fixing the time within which an action by private individuals could be commenced.

■■ We do not quarrel with the decisions in either of these cases; they simply have no application here. The title of the act before us is broad. Its first phrase is "AN ACT relating to health and welfare of children . . . ." This is sufficient to give notice of the fact that it may contain regulations regarding the prosecution of persons who abuse children. The second phrase is in the conjunctive and does not restrict the first. As we said in the recent case of *Treffry v. Taylor,* 67 Wn.2d 487, 491, 408 P.2d 269 (1965):

The test of the sufficiency of a title is that it must give notice of its object so as reasonably to lead to an inquiry

into its contents. (Citing cases.) The title to an act may be general, and all matters incidental or germane thereto may be written into the body of the law. (Citing cases.)

The act is in conformity with the constitutional mandate. The judgment is affirmed.

FINLEY, C. J., HALE and NEILL, JJ., concur.

DONWORTH, J.† (dissenting)—I am of the opinion that the judgment and sentence (imposing two maximum periods of 20 years imprisonment to be served concurrently) should be vacated and the cause remanded to the trial court for the entry of more complete findings of fact and conclusions of law.

This procedure is required by our recent decisions in the following cases: *State v. Wood,* 68 Wn.2d 303, 412 P.2d 779 (1966); *State v. Russell,* 68 Wn.2d 748, 415 P.2d 503 (1966) and *State v. Wilks,* 70 Wn.2d 626, 424 P.2d 663 (1967) and cases cited—(See footnote 1 on page 628.)

In the cited cases the trial court had entered *no* findings of fact; whereas in the present case the following findings were made:

I

That during a period of time intervening between the 15th day of September, 1966, through and including the 5th day of January, 1967, the defendant Edward Lounsbery, did attempt to carnally know and abuse one . . . .

II

That during a period of time intervening between the 15th day of September, 1966, through and including the 5th day of January, 1967, the defendant Edward Lounsbery, did take indecent liberties with and on the person of one . . . .

III

That . . . was then a female child under the age of ten years;

---

†Judge Donworth is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

## IV

That . . . was not then the wife of the defendant Edward Lounsbery;

## V

That all of the above acts occurred in King County, Washington.

The conclusions of law (in addition to concluding that the trial court had jurisdiction) stated:

## II

That the defendant is guilty of crimes of attempted carnal knowledge, and indecent liberties as charged in the amended information herein.

## III

That judgment and sentence should be entered in accordance with Conclusion of Law number II above.

At the close of the state's case appellant also rested. Oral arguments were made by counsel for each of the parties. The trial court then gave a brief oral decision as follows:

THE COURT: Well, for the record, I have ordered stricken the testimony of the little girl purely because I felt that under the law there is a pretty close question, especially in view of some of her answers. I think that she truthfully attempted to relate a story, to relate what actually happened. I regret that I feel that I must as a matter of law strike her testimony; but I do feel that there is ample evidence here under which I should find the defendant guilty of both offenses, attempted carnal knowledge and indecent liberties.

In *State v. Wilks, supra,* this court stated at 628:

The record contains no written findings by the trial court. In such case it is the duty of counsel for the prevailing party to propose such findings. Our Rule of Pleading, Practice and Procedure 52.04W and Rule 101.20W require them.

In *State v. Russell,* 68 Wn.2d 748, 750, 415 P.2d 503 (1966), this court stated:

Findings of fact and conclusions of law are required by RCW 4.44.050, Rule of Pleading, Practice and Procedure 52.04W, RCW vol. 0, and RCW 10.46.070, providing that, in criminal cases, the trial shall be conducted

in the same manner as civil actions. *State v. Marchand,* 62 Wn.2d 767, 384 P.2d 865 (1963).

The statements "has been duly convicted" and "is guilty of" used here do not meet the requirement of RCW 4.44.050 that the facts found and the conclusions of law shall be separately stated. In a criminal cause, the findings should at least treat with the elements of the crime separately, indicating the factual basis for each of these ultimate conclusions. . . .

This court finds itself in the same position as in *State v. Russell, supra,* namely that we cannot consider the merits of the appeal because the record contains no findings of fact relating to the issues involved herein.

As we said in *State v. Mallory,* 69 Wn.2d 532, 533, 419 P.2d 324 (1966):

Appellants, in their arguments in support of their appeal, refer to the oral opinion and the memorandum opinion of the trial court. These may be considered in interpreting the findings of fact and conclusions of law, but they cannot be considered as the basis for the trial court's judgment and sentence. A trial court's oral or memorandum opinion is no more than an expression of its informal opinion at the time it is rendered. It has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment. See *Ferree v. Doric Co.,* 62 Wn.2d 561, 383 P.2d 900 (1963); *Clifford v. State,* 20 Wn.2d 527, 148 P.2d 302 (1944).

The present case differs from the cited cases (where no findings were made) only in the respect that here purported findings were made, which, in my opinion, were inadequate because they do not inform this court as to the acts of appellant which constituted the elements of the two crimes charged in the information. In order to ascertain what acts appellant did perform it is necessary to read 80 pages of the statement of facts. RCW 4.44.050 and 10.46.070 and our rules (CR 52 (a) (1) and CrR 101.20W—RCW vol. 0) were enacted to prevent such a situation from arising.

In the case at bar the findings only inform this court that between two specific dates appellant did attempt to carnally know and abuse the female child named in count 1 and also that during that period he took indecent liberties

with her. The trial court's conclusions inform us that he is guilty of the two crimes charged in the amended information.

I am of the opinion that under *State v. Russell, supra,* this is not a sufficient compliance with the cited statutes and our rules.

The judgment and sentence should be vacated and the cause remanded to the trial court for the entry of findings of fact and conclusions of law which are adequate to advise this court as to the elements of the two crimes of which appellant was convicted by the trial court.

December 13, 1968. Petition for rehearing denied.