[No. 11546–4–I.   Division One.   June 6, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY
LEE JONES, *Appellant.*

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sharon Creeden, Deputy,* for respondent.

SWANSON, J.—On February 10, 1982, a group of teenage students were standing in front of a donut shop in Seattle. Appellant Jerry Lee Jones approached the teenagers and

began to touch the gold chains on their necks. Jones was a stranger to the students and allegedly told them he would trade marijuana for their necklaces. The students went inside the donut shop and were followed by Jones. Jones approached a student named Marjorie Aust who was sitting in a booth. He grabbed her necklace and pulled it taut. Marjorie was afraid the chain would break. Jones struck at her but missed because she moved. Jones also approached one Jessica Jalomo, also a student, and touched her necklace and purse.

When the students left the donut shop, Jones followed them outside and struck Jimmy Brockway in the face and kicked him in the side. Jones allegedly pushed Jerry Forhan against a wall and demanded his necklace. The students ran to school and reported the incident to the school principal. The police responded and arrested Jones after he was identified by the students.

Jones was charged by information in the first count with attempted robbery in the second degree, in the second count with attempted theft in the first degree, and in the third count with simple assault. Jones was tried on March 16, 1982. At the close of the trial the trial commissioner stated, "I think [Jones] is guilty as charged in Count I and Count III, beyond a reasonable doubt."

Upon request of the prosecuting attorney after Jones appealed his conviction, the trial court made the following conclusions of law:

I

That the court has jurisdiction of the subject matter and the appellant, Jerry Lee Jones.

II

That, beyond a reasonable doubt, on 10 February 1982, Jerry Lee Jones did unlawfully attempt to take personal property from Marjorie Aust. This taking was against her will and by the use or threatened use of force to her person. The respondent is guilty of attempted robbery in the second degree contrary to RCW 9A.56.210 and RCW 9A.56.190.

### III

That the appellant is not guilty of the attempted theft in the first degree from Jessica Jalomo.

### IV

That, beyond a reasonable doubt, on 10 February 1982, Jerry Lee Jones did unlawfully strike and kick Jimmy Brockway, contrary to RCW 9A.36.040. The respondent is guilty of simple assault.

Jones states that at trial there was insufficient evidence adduced to prove the crimes charged. Jones correctly observes that the trial court failed to make a finding as to whether Jones had the "intent" to commit attempted robbery and simple assault.

In robbery, as in larceny generally, a necessary element of the offense is an animus furandi—an intent to steal. *Crimes (Clark & Marshall)* § 1210 (M. Barnes 7th ed. 1967); 2 R. Anderson, *Wharton on Criminal Law and Procedure* § 548 (1957). The Washington Supreme Court has long recognized the intent element and found it to be a necessary part of the offense. *State v. Byers,* 136 Wash. 620, 241 P. 9 (1925); *State v. Steele,* 150 Wash. 466, 273 P. 742 (1929); *Wilken v. Squier,* 50 Wn.2d 58, 309 P.2d 746 (1957). Likewise, intent is an element of simple assault. *See, e.g., State v. Minium,* 26 Wn. App. 840, 615 P.2d 511 (1980).

Trial courts and prosecuting attorneys have been repeatedly admonished that RCW 4.44.050, RCW 10.46.070, and CR 52 require in bench trials formal findings of fact and conclusions of law as to each element of a crime charged. *See, e.g., Seattle v. Silverman,* 35 Wn.2d 574, 214 P.2d 180 (1950); *State v. Helsel,* 61 Wn.2d 81, 377 P.2d 408 (1962); *State v. Wilks,* 70 Wn.2d 626, 424 P.2d 663 (1967); *State v. Agee,* 89 Wn.2d 416, 573 P.2d 355 (1977); *State v. Eldridge,* 17 Wn. App. 270, 526 P.2d 276 (1977). Again, we reemphasize the importance of this requirement. *See State v. LaRue,* 5 Wn. App. 299, 304–05, 487 P.2d 255, 65

A.L.R.3d 1299 (1971).

In *State v. Russell,* 68 Wn.2d 748, 750, 415 P.2d 503 (1966), the Washington Supreme Court stated:

> The statements "has been duly convicted" and "is guilty of" used here do not meet the requirement of RCW 4.44.050 that the facts found and the conclusions of law shall be separately stated. In a criminal cause, the findings should at least treat with the elements of the crime separately, indicating the factual basis for each of these ultimate conclusions.

Adequate appellate review requires from the trial court findings of fact which show an understanding of the conflicting contentions and evidence, and a resolution of the material issues of fact that penetrates beneath the generality of ultimate conclusions, together with a knowledge of the standards applicable to the determination of those facts. *See Groff v. Department of Labor & Indus.,* 65 Wn.2d 35, 40, 395 P.2d 633 (1964).

■ We find ourselves in the same position as the Washington Supreme Court in *Russell,* namely, that we cannot consider the merits of this issue because the record contains no finding of fact as to intent. Vacation and remand, not reversal, is the appropriate disposition when the trial court fails to enter a finding of fact and conclusion of law as to an element of the crime charged. *See, e.g., Silverman; Helsel; Russell; Wilks; Eldridge.*

Accordingly, the decision of the trial court is vacated and the case is remanded to the trial court for the entry of findings of fact and conclusions of law with respect to intent. The trial court may, in its discretion, receive such additional material evidence relative to this issue as either party may present and shall enter such order or judgment and sentence based thereon as it shall deem appropriate. Either party who considers himself aggrieved thereby may appeal therefrom.

Vacated and remanded.

Durham, A.C.J., and Callow, J., concur.