638

THE STATE OF WASHINGTON, *Respondent*, v. FLOYD EDWARDS, *Appellant*.

*James S. Hogan,* for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* and *David K. Crossland, Deputy,* for respondent.

PER CURIAM.—Following a nonjury trial, the trial court found defendant guilty of unlawful possession of a narcotic drug, to wit, heroin, and entered judgment and sentence thereon. Defendant appeals.

The record discloses that neither findings of fact nor conclusions of law were entered, as required by CR 52(a), which provides:

> In all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law. Judgment shall be entered pursuant to Rule 58 and may be entered at the same time as the entry of the findings of fact and the conclusions of law.

CR 52 applies to criminal as well as civil cases. *State v. Wilks,* 70 Wn.2d 626, 424 P.2d 663 (1967).

CR 52(d) provides:

> A judgment entered in a case tried to the court where findings are required, without findings of fact having

been made, is subject to a motion to vacate within the time for the taking of an appeal. After vacation, the judgment shall not be reentered until findings are entered pursuant to this rule.

As stated in *State v. Wood,* 68 Wn.2d 303, 412 P.2d 779 (1966):

It is the duty of the attorneys to see that a proper judgment and sentence is entered. The findings of fact and conclusions of law may be submitted any time while the appeal is pending. See Rule of Pleading, Practice and Procedure 60, RCW vol. 0. This was not done. We are required to remand the case for the entry of findings of fact and conclusions of law. *State v. Helsel,* 61 Wn.2d 81, 377 P.2d 408 (1962); and *Seattle v. Silverman,* 35 Wn.2d 574, 214 P.2d 180 (1950).

Judgment is vacated and the case is remanded for entry of findings of fact and conclusions of law, with proper judgment and sentence.