[No. 1108-3. Division Three. November 17, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBIN FORD TWOGOOD, *Appellant*.

*Robert H. Stevenson*, for appellant.

*John MacDougall, Prosecuting Attorney*, for respondent.

GREEN, J.—Defendant was convicted in the Stevens County Justice Court on January 13, 1972, for driving while his license was suspended, driving while under the influence, and negligent driving. His appeal to the Superior Court was dismissed for want of prosecution. JCrR 6.03 (b).

The propriety of this dismissal presents the sole issue on appeal.

On January 17, 1972, the defendant, having given oral notice of appeal, mailed a written notice of appeal to the Justice Court. On January 20, the Justice Court acknowledged receipt of the notice and sent the following letter to defense counsel:

We received your notice of appeal. This will be filed with the county clerk within the 10 day limit. The $1000 bond did not accompany this notice of appeal. Please advise.

On January 26, defense counsel responded by letter as follows:

Re Robin Twogood appeal.
Yours of January 20, 1972, is acknowledged. I personally feel that a $1000 appeal bond is excessive in this case where you have a local resident involved. Rule 6.02 of Rules for Courts of Limited Jurisdiction provides that the sentences shall be stayed if an appeal is taken  . . .

On January 28, the transcript of the Justice Court proceedings was filed with the clerk of the Superior Court.

On July 24, almost 6 months after the transcript was filed, defendant moved to dismiss the convictions upon the ground that the Justice Court failed to give him prompt notice of the filing or mailing of the transcript to the clerk of the Superior Court, as required by JCrR 6.01(d). The State countered with a motion to dismiss the appeal because defendant failed to note the cause for trial in Superior Court within 20 days after the filing of the transcript pursuant to JCrR 6.03(b). On February 8, 1974, the court granted the State's motion, dismissed the appeal and remanded the action to the Justice Court for final disposition. This appeal followed.

■ First, defendant contends that he was not notified by the Justice Court of the filing of the transcript in the Superior Court and that such notice necessarily precedes his duty to note the cause for trial. We disagree. JCrR 6.01(d) provides:

The justice court shall give prompt notice of the filing

or mailing [of the transcript] to the respondent and appellant, giving such particulars as date of filing or mailing and superior court file number, *if known.*

(Italics ours.) The Justice Court informed defense counsel that "We received your notice of appeal. This will be filed with the County Clerk within the 10 day limit." At that time, the transcript of the Justice Court proceedings had not been filed with the clerk of the Superior Court, and thus the particulars such as date of filing, mailing, or the file number were not known. Consequently, this information was not included in the notification. In view of the reference to the 10-day limit, it is clear that the notification refers to the filing of the transcript, and not merely the filing of defendant's notice of appeal as JCrR 6.01(c) provides:

> After a notice of appeal is filed, the justice court shall immediately, and in no event later than 10 days thereafter, file . . . a transcript . . .

Since the 10-day limit comes into play only after a notice of appeal is filed, the court's letter could only be interpreted to refer to the filing of the transcript. Thus, we find substantial compliance with the notice requirements of JCrR 6.01(d). Therefore, the defendant was not relieved of his duty to note the cause for trial within 20 days after the transcript was filed in the Superior Court as required by JCrR 6.03(b).

Furthermore, whether notice of filing the transcript is a condition precedent to defendant's duty to note the cause for trial within 20 days is at least questionable. JCrR 6.03(a) provides:

> If the lower court fails, neglects or refuses to make and certify the transcript within the time allowed, the appellant may make application to the superior court not later than twenty days after the filing of the notice of appeal and the superior court shall issue an order to make and certify the transcript.

Under this rule, an appellant has the implicit duty to ascertain the state of the record where he has not received

notice that the transcript has been filed within the 10-day limit. Therefore, defendant's argument that the letter from the Justice Court did not constitute notice, but rather lulled him into inaction, ignores the burden placed upon him by this rule. Here, defendant waited 6 months before taking any action, whereas a simple inquiry of the clerk of the Superior Court would have revealed that the transcript had been filed within the 10-day limit.

Defendant's second contention is that the Superior Court erred in dismissing his appeal without entering findings of fact and conclusions of law as required by CR 52(a)(1). We disagree. CR 52(a)(1) generally provides:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law.

This rule applies to criminal as well as civil cases. *State v. Edwards*, 3 Wn. App. 638, 477 P.2d 28 (1970); *State v. Wilks*, 70 Wn.2d 626, 424 P.2d 663 (1967); *State ex rel. Washington Water Power Co. v. Superior Court*, 41 Wn.2d 484, 487, 250 P.2d 536 (1952). Defendant argues that whether the Justice Court's letter of January 20 misled him into waiting for the filing of the transcript presents a question of fact. CR 52(a)(5) is dispositive of this question. That section reads:

> Findings of fact and conclusions of law are not necessary.
>
> . . .
>
> (B) Decision on Motions. On decisions of motions under Rules 12 or 56 or any other motion, except as provided in Rules 41(b)(3) and 55(b)(2).

Defendant's motion to dismiss for want of prosecution is governed by CR 41(b)(1) and is not excepted from the above rule. Therefore, CR 52 does not require the entry of findings of fact or conclusions of law in ruling upon such motions.

The trial court's order dismissing defendant's appeal for want of prosecution is affirmed.

McINTURFF, C.J., and MUNSON, J. concur.