[No. 12801–9–I.   Division One.   June 18, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD McGARY, *Appellant.*

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Barbara L. Corey–Boulet, Deputy,* for respondent.

RINGOLD, J.—Richard McGary was found guilty at a juvenile court fact–finding hearing of taking a motor vehicle without permission, RCW 9A.56.070. He appeals from the disposition order,[1] challenging the sufficiency of the evidence to support the conviction. We affirm.

Thomas Miller testified that on April 20, 1982, he owned an inoperable 1972 Yamaha motorcycle which he kept at his aunt's house. That day McGary asked to take the motorcycle to repair it, but Miller refused. Miller's aunt testified that Miller kept two motorcycles at her home. On April 20, McGary asked her if he could take one to repair it, but she refused. A short time later, she saw McGary pushing the broken motorcycle down the street. She pursued him and forced him to return the motorcycle to her home. McGary testified that he took a Yamaha motorcycle with loose gears belonging to Miller, but claimed Miller had given him permission to do so. The hearing judge found McGary guilty of taking a motor vehicle without permission, contrary to RCW 9A.56.070. McGary appeals.

### SUFFICIENCY OF THE EVIDENCE

■ McGary raises three challenges to the sufficiency of the evidence to support the conviction. First, he argues that because the motorcycle was inoperative, the State failed to prove he took a "motor vehicle" within the meaning of RCW 9A.56.070. That statute provides in part:

---

[1] The fact–finding hearing was held in King County but the cause was transferred to Clark County for disposition. McGary filed his notice of appeal with the King County Superior Court and the appeal was set for review by this Division of the Court of Appeals. The trial court decision from which McGary appeals is the disposition order, not the underlying finding of guilt. *See* RAP 2.2(a)(5). RAP 4.1(b)(2) provides that a party must seek review of a Clark County trial court decision in Division Two. RCW 2.06.030 provides that an appeal filed in the wrong court shall not be dismissed but shall be transferred to the proper court. Ordinarily, we would transfer this case to Division Two. We were not provided with the necessary record, however, until after oral argument. In the interest of judicial economy, we deem it unnecessary to transfer the case.

(1) Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity, or internal combustion engine, the property of another, shall be deemed guilty of a felony . . .

RCW Title 9A, Washington's Criminal Code, does not contain a definition of "motor vehicle." We look for guidance to the definition provided in RCW Title 46, dealing with motor vehicles. RCW 46.04.320 defines a "motor vehicle" as "every vehicle which is self–propelled." A motorcycle is included in the statutory definition of a motor vehicle. RCW 46.04.330. "Vehicle" is further defined in RCW 46.04.670 to include "every device capable of being moved upon a public highway . . . excepting devices moved by human or animal power . . ."

Whether an inoperable motor vehicle remains a motor vehicle within the meaning of the criminal code has not been addressed by the Washington appellate courts. It was erroneously asserted at oral argument that we adopted a "reasonably capable of being rendered operable" standard to define a motor vehicle in *State v. Smelter,* 36 Wn. App. 439, 674 P.2d 690 (1984). *Smelter* concerned a prosecution for being in actual physical control of a motor vehicle while intoxicated, RCW 46.61.504. The defendant argued that he was not in actual physical control because the automobile was out of gas, and, thus, inoperable. In discussing the degree of inoperability which would preclude prosecution under RCW 46.61.504, this court stated:

The focus should not be narrowly upon the mechanical condition of the car when it comes to rest, but upon the status of its occupant and the nature of the authority he or she exerted over the vehicle in arriving at the place from which, by virtue of its inoperability, it can no longer move. Where, as here, circumstantial evidence permits a legitimate inference that the car was where it was and was performing as it was because of the defendant's choice, it follows that the defendant was in actual physical control.

*Smelter,* at 444–45. Thus, *Smelter* focused on the actions of the defendant and not the condition of the motor vehicle.

We believe the rule to follow is that stated in *Parnell v. State,* 151 Ga. App. 756, 261 S.E.2d 481 (1979): the definition of a "motor vehicle" in terms of a self–propelled vehicle is "concerned with the design, mechanism, and construction of the vehicle rather than with its temporary condition, and a motor vehicle does not cease to be such merely because it is temporarily incapable of self–propulsion." *Parnell,* at 757 (quoting 60 C.J.S. *Motor Vehicles* § 1, at 150). *See also People v. Matusik,* 63 Mich. App. 347, 234 N.W.2d 517 (1975); *State v. Ridinger,* 364 Mo. 684, 266 S.W.2d 626, 42 A.L.R.2d 617 (1954). The evidence established that McGary took the motorcycle in order to repair it. No contention has been made that the motorcycle was other than temporarily inoperable. It, therefore, remained a motor vehicle within the meaning of the statute.

McGary next challenges the sufficiency of the evidence on the ground that the State failed to prove the motor vehicle taken was the one alleged in the information. The information charging McGary stated in part:

> That the respondent Richard Earl McGary, in King County, Washington, on or about 20 April 1982, did intentionally and without permission of Thomas Miller, the owner and person entitled to possession thereof, take and drive away a motor vehicle, to–wit: a 1972 Yamaha Motorcycle VIN #R–5004275, and with knowledge that such motor vehicle had been unlawfully taken did voluntarily ride in and upon such motor vehicle;

McGary contends that the State was required to prove he took "a 1972 Yamaha Motorcycle VIN #R–5004275" because it must prove all facts alleged in the information even though they are not statutory elements of the crime charged. He relies on *State v. Barringer,* 32 Wn. App. 882, 650 P.2d 1129 (1982) and *State v. Worland,* 20 Wn. App. 559, 582 P.2d 539 (1978) as supporting his argument.

Miller testified that he owned an inoperable 1972 Yamaha motorcycle; his aunt testified that McGary took

the inoperable motorcycle; and McGary testified he took the Yamaha motorcycle with loose gears. Viewing this evidence in the light most favorable to the prosecution, *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980), the trier of fact could have found that McGary took the motorcycle charged in the information. *See State v. Gerard,* 36 Wn. App. 7, 9, 671 P.2d 286 (1983). The inclusion of the VIN was merely surplusage and did not make the content of the phrase an element of the crime. *State v. Serr,* 35 Wn. App. 5, 8, 664 P.2d 1301 (1983).

McGary's reliance on *Barringer* and *Worland* is misplaced. Those cases stand for the proposition that when the State alleges an unnecessary fact in the information and then incorporates the unnecessary fact into the jury instructions, the instructions become the law of the case and the State assumes the burden of proving the added fact. This case was tried to the judge without a jury.

■ Finally, McGary contends that the State failed to prove he took *and* drove away the motorcycle, as charged in the information.

> Acts described in a penal statute in the alternative or disjunctive may be pleaded in the conjunctive. Proof that the crime was committed in any one of several nonrepugnant ways or means will support a conviction. . . . The State is only required to prove either a taking or riding even though the information uses the conjunctive.

(Citations omitted.) *State v. Ford,* 33 Wn. App. 788, 789–90, 658 P.2d 36 (1983).

■ The test on appeal for determining the sufficiency of the evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green, supra* at 221. The State presented substantial direct and circumstantial evidence from which the trier of fact could have found that McGary intentionally took a motor vehicle without the owner's permission.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his opening brief filed with this court, McGary also assigned error to the trial court's failure to enter findings of fact and conclusions of law as required by JuCR 7.11(c). The State moved to supplement the record on appeal to include the findings and conclusions. The motion was granted, the court entered findings and conclusions, and they were incorporated into the record on review.

■ It is the general rule in this state that findings and conclusions may be submitted and entered even while an appeal is pending. *State v. Wood*, 68 Wn.2d 303, 412 P.2d 779 (1966); *State v. Edwards*, 3 Wn. App. 638, 477 P.2d 28 (1970); *In re Marriage of Brossman*, 32 Wn. App. 851, 650 P.2d 246 (1982). We do not, however, approve of the procedures followed in this case. The primary purpose in requiring findings and conclusions is to enable an appellate court to review the questions raised on appeal. *Ford v. Bellingham–Whatcom Cy. Dist. Bd. of Health*, 16 Wn. App. 709, 717, 558 P.2d 821 (1977). The practice of entering findings after the appellant has framed the issues in the opening brief has the appearance of unfairness and burdens the court with motions to supplement the record. In the instant case, however, McGary has not demonstrated any prejudice arising from the belated entry of findings. Thus, there was no error. *State v. Mercy*, 55 Wn.2d 530, 532, 348 P.2d 978 (1960).

The disposition order is affirmed.

SWANSON and ANDERSEN, JJ., concur.

Reconsideration denied July 26, 1984.

Review denied by Supreme Court November 2, 1984.