[Nos. 26699-3-I; 28283-2-I.    Division One.    April 19, 1993.]

*In the Matter of the Personal Restraint of* JOHN Z.
ESTAVILLO, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. JOHN Z.
ESTAVILLO, *Appellant.*

*Irene Tanabe* of *Washington Appellate Defender Association,* for petitioner.

*David R. Needy, Prosecuting Attorney,* and *K. Garl Long, Deputy,* for respondent.

WEBSTER, C.J. — Following his conviction of one count of indecent liberties and release from the Department of Corrections, John Estavillo filed a personal restraint petition, in which he asserts that applying the sex offender registration statute to him violates the constitutional prohibition against ex post facto laws.[1]

FACTS

On March 24, 1989, Estavillo was charged with three counts of indecent liberties for acts alleged to have occurred from August of 1985 to July of 1988. A jury convicted him of one count of indecent liberties. After serving a 20-month sentence, he was released from the Department of Corrections.

DISCUSSION

RCW 9A.44.130 states in part:

(1) Any adult or juvenile residing in this state who has been found to have committed or *has been convicted* of any sex offense shall register with the county sheriff for the county of the person's residence.
(2) The person shall provide the county sheriff with the following information when registering: (a) Name; (b) address; (c) date and place of birth; (d) place of employment; (e) crime for which convicted; (f) date and place of conviction; (g) aliases used; and (h) social security number.

(Italics ours.) Any person who knowingly fails to register is guilty of either a felony or a gross misdemeanor. RCW 9A.44.130(7). The statute specifies deadlines within which certain classes of sex offenders must register. Estavillo falls into the category of a sex offender who committed a sex

---

[1]Estavillo also appeals his underlying conviction. His appeal and personal restraint petition have been consolidated. Estavillo's appeal is treated in the unpublished portion of this opinion.

offense "on, before, or after February 28, 1990," and who was in custody on or after July 28, 1991. RCW 9A.44.130(3)(a)(i). Persons in this category "must register within twenty-four hours from the time of release with the county sheriff for the county of the person's residence." RCW 9A.44.130(3)(a)(i).

██ Estavillo contends that retrospective application of RCW 9A.44.130 violates article 1, section 23 of the Washington Constitution, which prohibits ex post facto legislation. In *State v. Handran*, 113 Wn.2d 11, 14, 775 P.2d 453 (1989), the Washington Supreme Court reaffirmed its adoption of the federal framework for ex post facto analysis.

> This framework provides that a new law violates the prohibition against ex post facto laws if: (1) it aggravates a crime or makes it greater than it was when committed; (2) permits imposition of a different or more severe punishment than when the crime was committed; (3) changes the legal rules to permit less or different testimony to convict the offender than was required when the crime was committed; or (4) it is made retroactive and disadvantages the offender.

*Handran*, at 14 (citing *State v. Edwards*, 104 Wn.2d 63, 70, 701 P.2d 508 (1985)). The prohibition against enacting an ex post facto law limits the State's power only with regard to the imposition of punishment. *Agustin v. Quern*, 611 F.2d 206, 211 (7th Cir. 1979), *cited in* 16A C.J.S. *Constitutional Law* § 426, at 381 n.46 (1984). An enactment designed to protect the public is not punishment. *Agustin*, at 211. In *United States v. Sutton*, 521 F.2d 1385 (7th Cir. 1975), the court held that a statute precluding the receipt, transportation, or possession of a firearm by a convicted felon for a period of 5 years after release from prison did not violate the prohibition against ex post facto laws as applied to an individual who had already been arrested and convicted of a felony. *Sutton*, at 1390-91, *cited in* 16A C.J.S. *Constitutional Law* § 426, at 381 n.49. *See also Ivory v. Wainright*, 393 So. 2d 542, 544 (Fla. 1980) (statute requiring prisoners to disclose assets and income and be assessed cost of their subsistence in prison held not ex post facto legislation), *cited in* 16A C.J.S. *Constitutional Law* § 418, at 368 n.97.

■ Estavillo asserts that he would be "disadvantaged" by application of the sex offender registration statute because it would infringe on his freedom to move within Washington in privacy and would subject him to prosecution for failing to register with the sheriff in each county in which he chooses to reside. We do not believe that the *Handran* case stands for the proposition that any retroactively applied legislation which inconveniences an individual constitutes an ex post facto law. Although the sex offender registration requirement is retroactive, the "disadvantage" it places upon Estavillo is not punitive in nature. Since the purpose of the registration requirement is not to impose punishment, but to protect the public, and the effect of the requirement is not punitive, the registration requirement does not constitute an ex post facto law.[2]

Estavillo's personal restraint petition is denied. Estavillo's appeal of his conviction, which was consolidated with his personal restraint petition, has no precedential value and will be filed in accordance with the rules governing unpublished opinions.

The judgment is affirmed.

PEKELIS, J., concurs.

Review denied at 122 Wn.2d 1003 (1993).

---

[2]We reject the State's contention that the sex offender registration statute "only addresses conduct occurring after its enactment." The sex offender registration statute imposes an affirmative obligation only upon sex offenders, including those who committed a sex offense prior to the enactment of the statute. Therefore, the statute applies retroactively.