# N THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　Respondent,<br><br>v.<br><br>LAWRENCE DUNBAR SMALLEY,<br><br>　　　　　　Appellant. | No. 74468-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: April 24, 2017 |

LEACH, J. — Lawrence Smalley appeals his conviction for second degree assault—domestic violence. He argues that we must remand this case for the trial court to enter written CrR 3.5 findings of fact and conclusions of law. Because the trial court belatedly entered the findings and conclusions and Smalley has not alleged any prejudice from their delayed entry, he fails to demonstrate grounds for relief.[1]

Smalley also claims as an additional ground for relief that the trial court violated his speedy trial rights, citing Vermont v. Brillon.[2] Apart from naming that case, Smalley makes no argument for relief. "[T]he appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors."[3] And except in

---

[1] State v. Cannon, 130 Wn.2d 313, 329, 922 P.2d 1293 (1996) ("Although the practice of submitting late findings and conclusions is disfavored, they may be 'submitted and entered even while an appeal is pending' if the defendant is not prejudiced by the belated entry of findings." (quoting State v. McGary, 37 Wn. App. 856, 861, 683 P.2d 1125 (1984))); State v. Gaddy, 114 Wn. App. 702, 705, 60 P.3d 116 (2002), aff'd, 152 Wn.2d 64, 93 P.3d 872 (2004).

[2] 556 U.S. 81, 129 S. Ct. 1283, 173 L. Ed. 2d 231 (2009).

[3] RAP 10.10(c).

certain cases not applicable here, "the appellate court is not obligated to search the record in support of claims made in a defendant's statement of additional grounds for review."[4] We therefore decline to address the merits of Smalley's additional ground.

Affirmed.

WE CONCUR:

<hr>

[4] RAP 10.10(c).