# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50108-2-II |
| Respondent, | |
| v. | |
| CORY DANIEL TASH, | PUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Following a bench trial, the trial court found Cory Daniel Tash guilty of failure to register as a sex offender. Tash appeals his conviction. He asserts that he was not required to register because RCW 9A.44.130(4)(a)(i)'s registration requirement applies only to those released from custody on a sex or kidnapping offense, and he was released from custody on a Department of Corrections (DOC) violation. Tash also alleges he did not receive notice that he was required to register. Lastly, Tash argues that the sentencing court erred when it failed to consider his ability to pay before imposing legal financial obligations (LFOs). We affirm Tash's conviction and the sentencing court's imposition of LFOs.

## FACTS

In November 2003, Tash was convicted of indecent liberties with forcible compulsion in Thurston County and was required to register as a sex offender. In 2014, Tash was convicted of failure to register as a sex offender. On December 26, 2014, Tash was released from custody after serving his sentence for failure to register as a sex offender. At that time, Tash signed a sex offender registration requirement form notifying him that he is required to register as a sex

offender. The form also notified Tash, "If you change your address within Thurston County, **or have been released from custody**, you are required to notify the Thurston County Sheriff's Office in person or by mail within three business days." Clerk's Papers (CP) at 57

On February 8, 2016, Tash was again convicted of failure to register as a sex offender. Tash was released on May 13, 2016, and then incarcerated again following a DOC violation. He was released from custody on June 1, 2016. At that time, he was notified that he must "immediately contact the Sheriff's Office to stay in compliance." CP at 51. Also, on June 3, 2016, an employee of the Thurston County Sherriff's Office left Tash a phone message "INSTRUCTING [TASH] TO SUBMIT A CHANGE OF ADDRESS." CP at 53.

Tash did not register. On October 6, 2016, the State charged him with felony violation of sex offender registration.

Tash moved to dismiss the charge, arguing RCW 9A.44.130(4)(a)(i) only requires registration if Tash was in custody as a result of a sex or kidnapping offense. The trial court denied his motion, concluding, "The plain language of the statute requires that individuals required to register as sex offenders must register within three business days of their release from custody regardless of the reason for their detention." CP at 104.

Following a bench trial, the trial court found Tash guilty of failure to register as a sex offender. The sentencing court imposed as LFOs a $500 crime victim assessment fee, a $100 deoxyribonucleic acid (DNA) collection fee, and a $200 court costs fee. Tash appeals.

ANALYSIS

I.    FAILURE TO REGISTER

Tash argues that we should reverse his failure to register as a sex offender conviction because the trial court erred in denying his motion to dismiss when it misconstrued RCW

9A.44.130 regarding the registration requirement and because Tash did not receive notice of his duty to register. We disagree.

    A.    RCW 9A.44.130

We review conclusions of law following a motion to dismiss de novo. *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). Similarly, statutory interpretation is a question of law that we review de novo. *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002). "In interpreting statutory provisions, the primary objective is to ascertain and give effect to the intent and purpose of the Legislature in creating the statute." *Watson*, 146 Wn.2d at 954. "The court discerns legislative intent from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." *Fast v. Kennewick Pub. Hosp. Dist.*, 187 Wn.2d 27, 33, 384 P.3d 232 (2016).

RCW 9A.44.130(1)(a) requires any person who "has been convicted of any sex offense or kidnapping offense" to "register with the county sheriff for the county of the person's residence." This statute also states, "When a person required to register under this section is in custody of . . . a local jail . . . as a result of a sex offense or kidnapping offense, the person shall also register at the time of release from custody." RCW 9A.44.130(1)(a). The registration statute applies retroactively, so changes made following Tash's crimes apply to him. *In re Pers. Restraint of Estavillo*, 69 Wn. App. 401, 404 n.2, 848 P.2d 1335 (1993).

RCW 9A.44.130(4)(a)(i) sets forth the deadline to register when released from custody. This statute states in relevant part:

> "OFFENDERS IN CUSTODY. Sex offenders or kidnapping offenders who are in custody of . . . a local jail . . . must register at the time of release from custody with an official designated by the agency that has jurisdiction over the offender . . . . The

offender must also register within three business days from the time of release with the county sheriff for the county of the person's residence.

RCW 9A.44.130(4)(a)(i). Moreover, "[t]he agency that has jurisdiction over the offender shall provide notice to the offender of the duty to register." RCW 9A.44.130(4)(a)(i).

In 2015, our legislature amended RCW 9A.44.130(4)(a)(i) as follows:

> OFFENDERS IN CUSTODY. ~~(A)~~ Sex offenders ~~who committed a sex offense on, before, or after February 28, 1990, and who, on or after July 28, 1991, are in custody, as a result of that offense, of the state department of corrections, the state department of social and health services, a local division of youth services, or a local jail or juvenile detention facility, and (B)~~ or kidnapping offenders who ~~on or after July 27, 1997,~~ are in custody of the state department of corrections, the state department of social and health services, a local division of youth services, or a local jail or juvenile detention facility, must register at the time of release from custody with an official designated by the agency that has jurisdiction over the offender.

Former RCW 9A.44.130(4)(a)(i) (2011); LAWS OF 2015, ch. 261, § 3. Tash contends this statute only applies to individuals in custody for a sex offense. We disagree.

In 2015, the legislature removed the above crossed out language from RCW 9A.44.130(4)(a)(i) regarding when a sex offender in custody must register. LAWS OF 2015. ch. 261, § 3. This change clarified that the sex offender did not have to be in custody as a result of a sex offense to be required to register. In the same year, the legislature also created a new statute regarding registration requirements in general, including some of the above language. RCW 9A.44.148; LAWS OF 2015, ch. 261, § 4. Removing language from a statute generally shows the legislature's intent that those words not be given the same effect as when initially included. *Watson*, 146 Wn.2d at 955. It is beyond our power and function to add words when the legislature has chosen not to include them. *State v. Larson*, 184 Wn.2d 843, 851, 365 P.3d 740 (2015).

The purpose of the sex offender registration statute is to assist law enforcement agencies in their efforts to protect their communities against sex offenders who reoffend. *State v. Stratton*,

130 Wn. App. 760, 765, 124 P.3d 660 (2005); *State v. Pray*, 96 Wn. App. 25, 28, 980 P.2d 240 (1999). "Specifically, registration provides law enforcement agencies with an address where they can *contact* a sex offender." *Stratton*, 130 Wn. App. at 765; *Pray*, 96 Wn. App. at 28-29. It furthers the purpose of the sex offender registration statute to require sex offenders in custody to register when they are released. While Tash points out that the custody may be brief, it also may be long term. Clearly, the purpose of the sex offender registration statute is better furthered by requiring registration upon release.

We, therefore, conclude that RCW 9A.44.130(4)(a)(i) requires a sex offender to register within three days of release from custody with the county sheriff for the county of the person's residence. The trial court correctly concluded likewise.

B.     Notice

RCW 9A.44.130(4)(a)(i) requires "[t]he agency that has jurisdiction over the offender" to "provide notice to the offender of the duty to register." "Lack of notice of the duty to register constitutes a defense to the crime of knowingly failing to register as a sex offender—but only for the first such offense; an arrest for failure to register constitutes actual notice of the duty to register." *State v. Clark*, 75 Wn. App. 827, 832, 880 P.2d 562 (1994).

Here, Tash has been convicted of multiple offenses of failure to register. At the time of his latest release, Tash was notified that he must "immediately contact the Sheriff's Office to stay in compliance." CP at 51. Also, on June 3, 2016, an employee of the Thurston County Sherriff's Office left Tash a phone message "INSTRUCTING [TASH] TO SUBMIT A CHANGE OF ADDRESS." CP at 53. Additionally, in December 2014, Tash signed a sex offender registration requirement form, which notified him that he was required to register as a sex offender. The form also notified Tash, "If you change your address within Thurston County, **or have been released**

**from custody**, you are required to notify the Thurston County Sheriff's Office in person or by mail within three business days." CP at 57

Based on the above, Tash received notice of his duty to register. RCW 9A.44.130(4)(a)(i)'s notice requirement was satisfied.

II.     LFOs

Tash next argues that the sentencing court erred when it failed to consider his ability to pay before imposing LFOs. But trial courts are not required to inquire into a defendant's ability to pay before imposing mandatory LFOs. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). Here, the sentencing court imposed a $500 crime victim assessment fee, a $100 DNA fee, and a $200 court costs fee. Each of these LFOs are required by statute and thus are mandatory. *Lundy*, 176 Wn. App. at 102. Because the trial court imposed only mandatory LFOs, Tash's claim fails.

We affirm.

Melnick, J.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Lee, J.